

# THE ATTORNEY GENERAL
# OF TEXAS

July 2, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Frederick J. Biel
Bee County Attorney
Bee County Courthouse
Beeville, Texas    78102

Opinion No. JM-736

Re:    Whether article 64.036 of the Election Code is applicable to persons who assist voters under the provisions of section 86.010 of the Election Code

Dear Mr. Biel:

You ask whether the penal provisions of section 64.036 of the Election Code are applicable to persons who assist voters under the provisions of section 86.010 of the Election Code. You also ask whether section 64.036 of the Election Code is unconstitutionally vague in the context of absentee voting by mail.

Provisions relating to the general conduct of elections are found in title 6 of the Election Code [hereinafter the Code]. Chapter 64 of the Code addresses election day voting procedures at the polling place. Title 8 of the Code pertains to absentee voting. Chapter 86 regulates the conduct of absentee voting by mail.[1]

Your inquiry concerns procedures and penalties for assisting a voter in marking an absentee mail ballot. It is first necessary to review the provisions relating to assistance provided at the polling place, since those provisions also govern absentee voting by mail.

A voter who is unable to prepare his ballot because of a physical disability or because of an inability to read the ballot is eligible for assistance. Sec. 64.031.[2] Assistance may be rendered by two election officers or by a person of the voter's choice. A voter may

---

1.  In addition to the "regular" absentee voting by mail procedures discussed in chapter 86 of the Code, chapters 101-114 cover special forms of absentee voting. These chapters are not relevant to the questions posed in this opinion and are excluded from discussion.

2.  Unless otherwise indicated, all section references are to the Election Code.

not select his employer, an agent of his employer, or an officer or agent of a labor union to which the voter belongs to assist him.   Sec. 64.032.

A person assisting a voter reads the entire ballot to the voter unless the voter indicates a desire to vote only on certain offices or measures.   Sec. 64.033.   If a voter is assisted by a person other than an election officer, the person must take the following oath adminis-tered by an election officer:

> I swear (or affirm) that I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties; and I will prepare the voter's ballot as the voter directs.

Sec. 64.034.

If assistance is provided to a voter who is not eligible to receive assistance, the voter's ballot is not to be counted.   Sec. 64.037.   Section 64.036 defines offenses and prescribes criminal penalties for unlawfully assisting a voter.   Section 64.036 provides:

> (a)   A person commits an offense if the person knowingly:
>
>> (1)   provides assistance to a voter who is not eligible for assistance;
>>
>> (2)   while assisting a voter prepares the voter's ballot in a way other than the way the voter directs; or
>>
>> (3)   while assisting a voter suggests by word, sign, or gesture how the voter should vote.
>
> (b)   A person commits an offense if the person knowingly assists a voter in violation of Section 64.032(c).
>
> (c)   An election officer commits an offense if the officer knowingly permits a person to provide assistance:
>
>> (1)   to a voter who is not eligible for assistance; or

(2)   in violation of Section 64.032(c).

(d)   An offense under this section is a Class B misdemeanor.

The provisions regarding assistance in mail balloting situations are found in sections 86.010, 86.012, and 86.013 of the Code.   Section 86.010 provides:

(a)   A voter casting a ballot by mail who would be eligible under Section 64.031 to receive assistance at a polling place may select a person as provided by Section 64.032(c) to assist the voter in preparing the ballot.

(b)   <u>Assistance rendered under this section is limited to that authorized by this code at a polling place</u>.

(c)   If a voter is assisted in violation of this section, the voter's ballot may not be counted.   (Emphasis added).

The instructions required to be printed on an official ballot envelope in which a voter's marked ballot is to be placed are prescribed by section 86.012.   Subsection (b) of that section provides:

(b)   The following textual material, as prescribed by the secretary of state, must be printed on the face of each official ballot envelope and may be continued on the reverse side if necessary:

(1)   instructions for marking the ballot and returning the marked ballot to the absentee voting clerk;

(2)   the deadline for returning the marked ballot to the clerk;

(3)   <u>limitations on assistance to the voter</u>; and

(4)   <u>criminal penalties for unlawful assistance in preparing the ballot</u>.   (Emphasis added).

Pertinent information required to be printed on the official carrier envelope in which the voter's absentee ballot is returned to

the absentee voting clerk is set forth in section 86.013(c). The subsection reads:

> (c) A certificate in substantially the following form must be printed on the reverse side of the official carrier envelope:
>
> 'I certify that the enclosed ballot expresses my wishes independent of any dictation or undue persuasion by any person.

_____
Signature of voter
By: _____
Signature of person assisting voter, if applicable (see Ballot Envelope for restrictions and penalties)

_____
Printed name of person assisting voter, if applicable

_____
Residence address of person assisting voter, if applicable'

You question the applicability of the penalties for unlawful assistance set forth in section 64.036 (election day assistance) to assistance rendered pursuant to section 86.010 (absentee by mail assistance). Section 86.010 authorizes assistance in absentee voting by mail and limits the assistance to that authorized at a polling place. Sec. 86.010, subsecs. (a), (b). Subsection 86.010(c) prohibits the counting of a ballot when a voter is assisted in violation of section 86.010. Thus, the assistance available to a person voting by mail is equivalent to that offered a voter at the polling place. The limitations and penalties concerning assistance are printed on the official ballot envelope and noted on the official carrier envelope to instruct a voter and a person who may be assisting a voter on the proper method of assistance.

Despite these requirements, you suggest that the legislature did not intend to impose criminal penalties on unlawful assistance in absentee voting. You rely on a general provision pertaining to the applicability of other portions of the Code to absentee voting. Section 81.002 of the Code provides:

> The other titles of this code apply to absentee voting except provisions that are inconsistent with this title or that cannot feasibly be applied to absentee voting.

By the terms of section 81.002, the offenses created in section 64.036 do apply to absentee voting by mail, unless the offenses are inconsistent or infeasible in that context.  However, you do not suggest that section 64.036 is inconsistent with the absentee procedures or that the penalties cannot feasibly be applied.  Rather, you urge that in light of section 81.002, either:  (1) section 86.010 is redundant, or (2) that the provisions repeated in section 86.010 are an exhaustive listing of the assistance provisions that apply to absentee by mail situations.  Specifically, you cite the inclusion of language similar to section 64.037 (ballot void when assistance rendered to ineligible voter) in section 86.010 and the failure to repeat the criminal penalty section as evidence of legislative intent to limit available sanctions in absentee voting.

We cannot agree with this reading of the Code.  We believe that a more reasonable reading of section 81.002 in conjunction with sections 86.010, 86.012, and 86.013 discloses a legislative intent to ensure the availability of assistance in mail voting and to preclude any suggestion that such assistance is inconsistent or infeasible.

While section 81.002 renders repetition of compatible provisions unnecessary, it does not eliminate all questions of applicability.  We do not consider section 86.010 redundant because explicit authorization of assistance eliminates any dispute about its applicability to mail absentee procedures.

We note that several provisions relating to election day assistance cannot feasibly be applied to absentee voting by mail.  For example, the oath requirement in section 64.034 assumes the presence of an election officer; the deposit of the marked ballot in section 64.035 assumes the presence of a ballot box; and the offense created in section 64.036(c) assumes the presence of an election officer.  Incidentally, each of these provisions is consistent with and may feasibly be applied to absentee voting by personal appearance.

We cannot conclude that the partial restatement of assistance provisions in the chapter on absentee voting by mail is intended to be exhaustive.  Such a conclusion would render sections 81.002, 86.012(b), and 86.013(c) inoperative.  It is a well-settled rule of statutory construction that language is to be construed in a manner that gives effect and meaning to each word, sentence, and clause of the statute if feasible.  As we stated in Attorney General Opinions JM-106 (1983) and JM-221 (1984), statutory language should not be construed in a fashion that renders some language redundant or inoperative.  See Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963); Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93, 96 (Tex. 1957); Spence v. Fenchler, 180 S.W. 597, 601 (Tex. 1915).

In our opinion, section 64.036, subsections (a), (b), and (d) of the Code are consistent with and applicable to assistance rendered to a voter pursuant to section 86.010 of the Code.

You also ask whether section 64.036 is unconstitutionally vague. Article I, section 10, of the Texas Constitution states, in part:

> In all criminal prosecutions the accused shall have a speedy trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. . . . (Emphasis added).

The requirement for clarity in penal statutes is restated in the Penal Code. Section 1.02 of the Penal Code provides, in part:

> The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:
>
> . . . .
>
> (2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation. . . . (Emphasis added).

This "fair warning" requirement applies to offenses defined by laws outside the Penal Code also. See Penal Code §1.03(b).

You do not suggest particular words within section 64.036 that are lacking in clarity. The applicable standard for determining vagueness was stated in Attorney General Opinion H-925 (1977), at 1. "A law is void for vagueness if it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited." Grayned v. City of Rockford, 408 U.S. 104 (1972); Ex parte Frye, 156 S.W.2d 531 (Tex. Crim. App. 1941).

In deciding whether the provisions sanctioning unlawful assistance are clear, we look first to the provisions pertaining to assistance. Courts have had no trouble determining whether specific behavior constitutes assistance. Carter v. White, 161 S.W.2d 525 (Tex. Civ. App. - El Paso 1942, no writ); Fuentes v. Howard, 423 S.W.2d 420 (Tex. Civ. App. - El Paso 1967, writ dism'd). The statutes at issue in those election contests were election laws from which the

current assistance provisions are derived. While neither case concerned the constitutionality of the penal provisions relating to illegal assistance, both courts agreed that "assistance" means aid in the actual marking of a voter's ballot. Carter, 161 S.W.2d at 526; Fuentes, 423 S.W.2d at 424.

In our opinion, the language of sections 64.031, 64.032, and 64.033 precisely define assistance, eligibility for assistance, and the method of providing assistance. Further, it is our opinion that section 64.036 clearly states the impermissible conduct and the sanctions for providing assistance contrary to law. Section 64.036 is not void for vagueness.

### SUMMARY

Election Code section 64.036, subsections (a), (b), and (d) are consistent with and applicable to assistance rendered to a voter pursuant to section 86.010 of the Election Code. Election Code section 64.036 is not void for vagueness.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen Gladney
Assistant Attorney General